Milligan, J.,
delivered the opinion of the Court.
The prisoner, John Younkins, a free man of color, *220 was indicted and convicted in the Criminal Court of Davidson, for stealing a hog. The indictment lays the property stolen, in one Amanda Leah. There is no exception to the charge of the Court, and the only error assigned, arises on the proof. It is insisted, the corpus delicti is not sufficiently proven. The substance of the testimony in the case, is, that signs of blood were seen on the turnpike, which were traced to a place in the field, where a small shoat, unmarked, weighing forty or fifty pounds, partly skinned, was found. From this place there appeared to be a track, leading in the direction of the prisoner’s house, which was followed; and the prisoner was seen running, and shortly thereafter, he was found, on a wagon. He was told by the witness he would arrest him, when he replied, “he reckoned not,” and thereupon drew a knife and advanced on the witness, who gave back, and the prisoner ran off. He was then pursued by a party on horseback, for several miles, and shot at, and finally overtaken and arrested. After the arrest, and when he had been under guard about two hours, he took the witness aside and told him, “if he would let him off, he would give him two shoats and all the money he had.”
It further appears that the prisoner told a colored woman, who was examined as a witness against him, that he wanted to borrow a bag to get some turnips in, and asked her to go with him; and on the way, he said he had a hog over the hill, and that he would give her a piece of it. She declined going further, and returned. *
*221 One of the witnesses stated that the property alleged to have been stolen, belonged to Mrs. Leah. He knew her hogs, and he believed this one to be her property; but he did not know whether she had parted with it or not. Mrs. Leak resided about seven miles from the ■ place of trial; was at home, but was not called as a witness.
It cannot be denied, that the facts and circumstances of this case, produce a strong suspicion of the guilt of the accused; but without first proving the corpus delicti— that is, that the hog had been stolen — they are not of themselves, sufficient to justify the conviction of the prisoner, of a felony. The case of Tyree vs. The State, 5 Hum., 383, presents a stronger case than the one before the Court; and it was held in that case, that the evidence establishing the corpus delicti, was too slight to sustain a verdict of conviction.
The alleged confessions of the prisoner, are entitled to but little consideration. He was under arrest at the time, and surrounded by a strong guard; had been chased and shot at, and, at most, only made such statements as tended to implicate him in the crimes of which he was accused. He 'did not admit the crime, Or say anything, except inferentially, which coupled him with it.
In like manner, the statements of the prisoner to the colored woman, in the absence of proof of the corpus delicti, are too vague, uncertain, and unsatisfactory, to predicate a conviction upon. Suspicious as they may be, they are not inconsistent with the prisoner’s innocence, and, in our opinion; insufficient to es *222 tablish the corpus delicti, or the fact that the property was stolen. It was the duty of the State to have called Mrs. Leak, who, it appears, was within the jurisdiction of the Court, and within a few miles of the place of trial, who, doubtless, could have removed many of the doubts that naturally arise in this case.
The judgment must be reversed, and a new trial awarded.